IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSE VILLAREAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-06-193-C |
| ) | |
| WAL-MART STORES, INC., and ) | |
| PACKAGED ICE, INC. ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION & ORDER

This case was removed on the basis of diversity jurisdiction. Plaintiff asserts negligence claims against each Defendant based on Plaintiff's slipping and falling in a puddle at a Wal-Mart Supercenter in Ponca City, Oklahoma. Both Wal-Mart Stores, Inc. ("Wal-Mart") and Reddy Ice Corporation[1] ("Reddy Ice") have moved for summary judgment. Those motions are denied for the reasons stated below.

STANDARD OF REVIEW

Summary judgment is proper only if the moving party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Id. At the

---

[1] Plaintiff admits he improperly designated Packaged Ice as a defendant in this suit (Pl.'s Resp., Dkt. 34, at 2 n.1) but does not request that any corrective action be taken.

summary judgment stage, the Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Willis v. Midland Risk Ins. Co., 42 F.3d 607, 611 (10th Cir. 1994). Thus, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Simms v. Oklahoma ex rel. Dep't of Mental Health, 165 F.3d 1321, 1326 (10th Cir. 1999); McWilliams v. Jefferson County, 463 F.3d. 1113, 1116 (10th Cir. 2006) ("In determining whether any genuine issue as to any material fact exists, evidence is to be liberally construed in favor of the party opposing the motion for summary judgment.").

## BACKGROUND

The facts of this case are largely undisputed. To the extent that they are, the Court has construed them in the light most favorable to Plaintiff.

On July 31, 2001, Plaintiff and his adult grandson, Roy Thompson, shopped at the Ponca City store. After checking out and while walking towards the exit, Plaintiff slipped in a puddle, fell, and suffered injuries. Thompson, who had slowed to move some shopping carts out of the way, was behind his grandfather at the time of the fall. Plaintiff's fall occurred at approximately 11:35 a.m.

Just prior to Plaintiff's fall, employees from Reddy Ice, John Melville and Curtis Williams, had been in the store for a routine check of the two ice machines. They made repairs to the "factory" machine which was located on the side of the store a considerable distance from the second, "satellite" machine. The satellite machine "is basically a freezer

with doors on the front from which customers may purchase bagged ice" (Dkt. No. 26 at 1) and was located near where Plaintiff fell.  In addition to repairing one machine, the two men transferred bags of ice from it to the satellite machine in accordance with Reddy Ice's agreement with Wal-Mart (that, among other things, Reddy Ice employees would visit the store on a regular basic and transfer ice to satellite boxes and load bags).  Melville and Williams transported two shopping carts full of ice to the satellite machine.  Melville observed water dripping from the bags of ice and mopped the floor after the first load was made.  Both Melville and Williams mopped portions of the store floor after taking the second cart of ice bags to the satellite machine.  They left the store at approximately 11:30 a.m.

There is evidence that there was no red mat in front of the satellite machine.  A man who assisted Plaintiff after he had fallen, Allen Mosby, saw an orange "caution wet floor" sign on the floor near the satellite machine.  However, neither Plaintiff nor Thompson noticed that sign, and Wal-Mart previously admitted that it gave no warning of any water being on the floor (Dkt. 34 Ex. 3 at 4).  The exact position of the caution cone, if there were one, is not clear other than that Mosby stated that it was in the proximity of the satellite machine.

There is evidence that there was a lot of water or multiple puddles on the floor in the area where Plaintiff fell and that he fell somewhere between the check out lanes and the satellite machine.  Thompson believes that Plaintiff fell approximately five to ten feet from the satellite machine.

The floor of the store is a white tile. The puddle in which Plaintiff fell was of a liquid that multiple witnesses have assumed to have been water based on its appearance. On previous occasions, water had been left on the store floor after Reddy Ice employees loaded ice. (Dkt. No. 35 Ex. 5 at 78).

## DISCUSSION

The arguments raised in the respective motions for summary judgment are addressed in turn.

### A.     *Reddy Ice's Motion for Summary Judgment*

Reddy Ice admits that it owed Plaintiff a duty of ordinary care.[2] However, it complains that there is no evidence that the liquid in which Plaintiff slipped was water from its ice bags. To the contrary, there is ample circumstantial evidence from which the jury could reasonably find that Plaintiff slipped in a puddle of water caused by dripping ice bags transported by Reddy Ice employees and/or those employees' inadequate mopping efforts. The jury could also conclude, based on such facts, that Reddy Ice breached its duty of care to Plaintiff and that that breach proximately caused his injuries. Therefore, Reddy Ice's motion for summary judgment is denied.

### B.     *Wal-Mart's Motion for Summary Judgment*

Wal-Mart admits that Plaintiff was an invitee and that it was therefore obligated to maintain the premises in a reasonably safe condition and to remove or warn him of any

---

[2] The Court does not consider any other possible duty Reddy Ice might have owed Plaintiff because Plaintiff identifies only a duty of ordinary care as owed.

hidden dangers.  See also Abbott v. Wells, 2000 OK 75, ¶ 3, 11 P.3d 1247, 1248 (Okla.2000).  Wal-Mart's duty to keep the premises in a reasonably safe condition and to warn extends to hidden dangers and conditions such as traps, snares, or pitfalls and not to those conditions which are open and obvious and that could be discovered in the exercise of ordinary care.  Martin v. Aramark Servs., Inc., 2004 OK 38, ¶ 5, 92 P.3d 96, 97.  If a danger is not open and obvious and able to be detected with ordinary care, the warning given must be adequate to enable the invitee to avoid the harm.  Id. at ¶ 7, 92 F.3d 96. "The adequacy of a warning is normally a question of fact to be determined by the circumstances of each case."  Id.

Wal-Mart contends that it is entitled to summary judgment because (1) the puddle on the floor by the ice machine was an open and obvious condition  and (2) to the extent that it was not, Plaintiff failed to heed Wal-Mart's warning.  The Court does not agree that summary judgment is appropriate on either ground.

First, a puddle of clear liquid on a white tile floor in a high traffic area of a Wal-Mart store cannot, as a matter of law, be deemed an open and obvious condition.  Nor is the Court persuaded that Plaintiff, again as a matter of law, failed to exercise ordinary care by not keeping his eyes trained on the floor as he left the store.  Thus, Plaintiff is entitled to a trial on the question of whether the condition of the floor constituted a hidden danger that caused his injuries.  See Abbot, 2000OK 75, ¶ 3, 11 P.3d at 1248 (observing that an invitee plaintiff in a common law negligence case for failure to warn was entitled to submit the question of whether a raised restroom floor constituted a hidden danger).

Second, the question of whether Wal-Mart's warning, an orange "caution wet floor" cone, was adequate is a question of fact that should be determined by the jury. As an initial matter, there is a genuine dispute as to whether such a cone or warning was present. In addition, even if it were, neither Plaintiff nor Thompson claims to have seen it, suggesting that its position did not adequately enable someone leaving the store after checking out to avoid the harm. There is also evidence that Reddy Ice routinely visited the store and transported ice to the satellite machine and that water had been left on the floor on more than one such prior occasion. Because genuine issues of fact exist as to the adequacy of Wal-Mart's warning, summary judgment is denied. See Martin, 2004 OK 38, ¶¶ 10-11, 92 P.3d at 98-99 (finding summary judgment improper because issues of fact existed as to adequacy of warning, despite presence of five yellow "wet floor" signs in the general area of the plaintiff's fall).

## CONCLUSION

Accordingly, Reddy Ice's motion for summary judgment (Dkt. No. 26) and Wal-Mart's motion for summary judgment (Dkt. No. 24) are DENIED.

IT IS SO ORDERED this 3rd day of January, 2007.

_____
ROBIN J. CAUTHRON
United States District Judge